## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT PADUCAH
## CIVIL ACTION NO. 5:10CV-P1-R

JASMINE JAZZ ADAM
A/K/A TIMOTHY D. ROUSE                                                PLAINTIFF

v.

ROBERT PARKER *et al.*                                                         DEFENDANTS

### MEMORANDUM OPINION

This matter is before the Court on initial review of the *pro se* complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the action will be dismissed.

### I.

Plaintiff Jasmine Jazz Adam, also known as Timothy D. Rouse, is a convicted inmate currently incarcerated at the Kentucky State Penitentiary ("KSP"). He brings suit pursuant to 42 U.S.C. § 1983 against Robert Parker, member of a KSP adjustment committee; Phillip Parker, KSP Warden; and Kentucky Department of Corrections Commissioner LaDonna Thompson. He sues Defendants Robert and Phillip Parker in their individual and official capacity, and although he fails to indicate the capacity in which he sues Defendant Thompson, the Court presumes he intended to sue her in her official capacity.[1]

According to the complaint and its attachments, on June 3, 2008, Plaintiff was issued a disciplinary report and charged with escape. The charge was later amended to forging

---

[1] It is Plaintiff's affirmative duty to plead capacity, *see Wells v. Brown*, 891 F.2d 591, 593 (6th Cir. 1989), and absent indication to the contrary, the Court must presume that Defendant Thompson is being sued in her official capacity. *See Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir. 1991).

documents to facilitate early release. On June 4, 2008, Plaintiff was issued a second disciplinary report and charged with obtaining services under false pretenses. Disciplinary hearings on these institutional charges were held on July 9, 2008. For the amended charge, Plaintiff was found guilty and penalized with 90 days of disciplinary segregation and the loss of 180 days of good time. For the second charge, he was found guilty and penalized with 45 days of disciplinary segregation and the loss of 60 days good time. Plaintiff's appeals to Defendant Warden Parker were denied.

Plaintiff alleges due process violations and "State Correctional Law" violations during the prison disciplinary proceedings. He claims that Defendants denied his requests to call witnesses and denied his right to a 24-hour continuance to properly prepare a defense after amendment of one of the charges. He seeks monetary damages in the amount of $20,000, an order vacating the adjustment committee findings and directing Defendants to expunge the violation, and an order releasing him from the administrative control unit to general population and restoring his good time.

**II.**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as

frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

**III.**

Plaintiff has failed to allege any facts showing that his temporary placement in segregation "impose[d] atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472 (1995); *Bruggeman v. Paxton*, 15 F. App'x 202, 205 (6th Cir. 2001) ("Bruggeman's placement in cell isolation and segregated

3

confinement does not rise to the level of an atypical and significant hardship."). Consequently, his placement in segregation did not constitute a liberty interest warranting due process protections.

A restraint which "inevitably affect[s] the duration of [an inmate's] sentence," however, creates a liberty interest. *Sandin*, 515 U.S. at 487. Because the loss of earned good-time credits affects the length of an inmate's prison sentence, Plaintiff has a protected liberty interest in this regard. *Id.* at 477-78 (citing *Wolff v. McDonnell*, 418 U.S. 539 (1974)). Even though Plaintiff's loss of good-time credits constitutes a liberty interest, there is still a barrier to his § 1983 due process claim.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held,

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. . . .

*Id.* at 486-87. If a ruling on a claim would necessarily render a plaintiff's continued confinement invalid, the claim must be dismissed, *not* for lack of exhaustion of state remedies, but because it is simply not cognizable until the challenged confinement has been remedied by some other process. *Id.* at 489; *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973) (concluding that under these circumstances a claim for injunctive relief is only cognizable under the habeas statutes).

In *Edwards v. Balisok*, 520 U.S. 641 (1997), the Supreme Court extended the application of *Heck* to prison administrative proceedings, such as the one complained of by Plaintiff in this instance. Specifically, the Court "applied *Heck* in the circumstances of a § 1983 action claiming damages and equitable relief for a procedural defect in a prison's administrative process, where

4

the administrative action taken against the plaintiff could affect credits toward release based on good-time served." *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (discussing *Edwards v. Balisok*). The *Edwards* Court, consistent with *Heck*, held that if the inmate's allegations would "necessarily imply the invalidity of the punishment imposed, [the claim for relief] is not cognizable under § 1983." *Edwards v. Balisok*, 520 U.S. at 648.

Plaintiff claims that his requests for witnesses were denied and that he was not allowed a continuance to prepare a proper defense after a charge was amended. These challenges to the disciplinary process are just such allegations which, if valid, would imply the invalidity of the discipline imposed. *See*, *e.g.*, *Edwards*, 520 U.S. at 648 ("[A]llegations of deceit and bias on the part of the decisionmaker [] necessarily imply the invalidity of the punishment imposed."); *Smith v. Corr. Corp. of Am.*, 5 F. App'x 443 (6th Cir. 2001) (indicating that the prisoner's due process challenges that he was given neither the opportunity to call witness nor adequate notice of the hearing "imply the invalidity of his punishment because he is suggesting that he was convicted on insufficient evidence and was prevented from presenting exculpatory evidence"). There is nothing in the complaint indicating that the decisions by the disciplinary adjustment committees have been invalidated. Thus, Plaintiff's due process claim with respect to his good-time credits is not cognizable under § 1983. Rather, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser*, 411 U.S. at 500. Because a return of good-time credits would result in Plaintiff's "speedier release" from imprisonment, he must file a habeas action following exhaustion of available state-court remedies.

Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction over any state-law claims Plaintiff may be attempting to bring in alleging violations of "State Correctional Law." 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."). Consequently, any state-law claims will be dismissed without prejudice.

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*
    Defendants
    General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.005